Filed 9/6/16  P. v. Rice CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E066053 |
| v. | (Super.Ct.No. FVI022959) |
| JOHNNY LEON RICE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Victor R. Stull, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Johnny Leon Rice was charged by amended information with five counts of second degree robbery (Pen. Code,[1] § 211, counts 1-5), receiving stolen property (Pen. Code, § 496d, subd. (a), count 6), and the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 7). The information also alleged that defendant was armed with a handgun during the commission of all seven counts (former Pen. Code, § 12022, subd. (a)(1)), that he had four prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and that he had suffered three prison prior terms (Pen. Code, § 667.5, subd. (b)). A jury found defendant guilty of counts 1-6, but not guilty of count 7. It also found the arming allegation true as to counts 1-6. At a subsequent hearing, a trial court found true the prior offense allegations. The court later denied defendant's motion for new trial and *Romero*[2] motion to strike a prior strike. It then sentenced defendant to a total term of 154 years to life in state prison.

Nearly 10 years later, defendant filed an in propria persona request for appointment of counsel to prepare a motion for DNA testing, pursuant to section 1405. The court denied the motion. Defendant filed a notice of appeal in propria persona, based on the denial of the section 1405 request. We affirm.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

2

## FACTUAL BACKGROUND[3]

Three men wearing ski masks entered a credit union armed with handguns. They jumped over the counter and ordered the employees to the ground. They demanded the tellers to unlock the drawers, and then they took money from the drawers. The suspects fled the scene in a white Toyota Camry that had been reported stolen earlier that day. The car was found abandoned at a bus station, a few blocks from the credit union. A witness saw the suspects enter a white van and leave. The police found clothing in the Camry, including a black face mask, white gloves, a shirt, and sweat pants. All items were sent to the Sheriff's identification division for processing. Specimens that were submitted matched a felon identified as defendant. Defendant was subsequently arrested for an outstanding warrant. DNA recovered from the mask used during the robbery matched a second DNA specimen taken from defendant.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court should have granted

---

[3] The factual background is taken from the probation officer's report.

defendant's request for counsel under section 1405.[4]  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

---

**4**  Appellate counsel acknowledges that an order granting or denying a motion for DNA testing under section 1405 is not appealable and is subject to review only through a petition of writ of mandate, which is required to be filed within 20 days after the court's order.  (§ 1405, subd. (k).)